UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:17-cv-21557

DANIELLE CHRISTINE VENEZIA,

    Plaintiff,

v.

CITY OF SOUTH MIAMI, a municipal
corporation in the State of Florida,
OFFICER STEVEN LINICK, individually,
OFFICER JOSE FERMIN LOPEZ, individually,
and OFFICER MELVRIS LOPEZ, individually,

    Defendants.

_____/

# COMPLAINT

Plaintiff, DANIELLE CHRISTINE VENEZIA, by and through undersigned counsel, sues Defendants, CITY OF SOUTH MIAMI, OFFICER STEVEN LINICK, individually, OFFICER JOSE FERMIN LOPEZ, individually, and OFFICER MELVRIS LOPEZ, individually, and alleges:

## INTRODUCTION

1. This is an action for monetary damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and under the law of the State of Florida, against the City of South Miami, and South Miami

police officers Steven Linick, Jose Fermin Lopez, and Melvris Lopez in their individual capacities.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendment of the United States Constitution, and the laws of the State of Florida.

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction for state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the United States District Court for the Southern District of Florida because it is where all parties reside, and where the events complained of occurred.

5. All conditions precedent to this action have occurred, including those set forth in Fla. Stat. § 768.28.

## PARTIES

6. At all times material hereto, Plaintiff, Danielle Christine Venezia ("Venezia") was and is a sui juris individual residing in Miami-Dade County, Florida, and a citizen of the United States.

7. Defendant, City of South Miami ("City") is a political subdivision of the State of Florida, a municipal corporation located in Miami-Dade County, Florida, and at all times relevant hereto, the employer of Defendant Officers, Steven Linick, Jose Fermin Lopez, and Melvris Lopez.

8. At all times relevant hereto and in all actions described herein, Defendant Steven Linick ("Linick") was acting under color of law as a police officer, and in such capacity, as the agent, servant, and employee of City.

9. At all times relevant hereto and in all actions described herein, Defendant Jose Fermin Lopez ("J.F. Lopez") was acting under color of law as a police officer, and in such capacity, as the agent, servant, and employee of City.

10. At all times relevant hereto and in all actions described herein, Defendant Melvris Lopez ("M. Lopez") was acting under color of law as a police officer, and in such capacity, as the agent, servant, and employee of City.

## **FACTS**

11. On or about December 13, 2014, Venezia was in the passenger seat of her front door neighbor Lisa Richardson's ("Richardson") vehicle, which was stopped in front of Richardson's property, 6701 SW 63rd AVE, Miami, FL 33143, waiting for the gate of her property to open.

12. While the vehicle was stationary, Venezia's fiancé opened the passenger door of the vehicle, grabbed Venezia, forced her outside the vehicle, pushed her around and yelled at her.

13. As Richardson called the South Miami Police Department to report the incident, Venezia's fiancé fled the scene.

14. City police officer Linick and his assisting officer, J.F. Lopez, arrived at Venezia and Richardson's neighborhood, and briefly spoke to Richardson and Venezia.

15. After Linick and J.F. Lopez spoke to Venezia and Richardson, Venezia and Richardson returned to their homes.

16. Later in the evening, once Venezia had taken off her shoes to go to bed, Linick and J.F. Lopez, returned and entered Venezia's property without a warrant. Venezia opened her front door to inform the officers that her fiancé was not on the property, and

that she was going to bed.  When she asked the officers to leave, Linick and J.F. Lopez reached their hands through the open door, forcibly grabbed Venezia, placed handcuffs on her tightly, took her out of her home and through the street barefoot against her will, and threw her into the back of their squad car.

17.   The officers never informed Venezia why they had decided to arrest her, never read Venezia her Miranda rights, nor informed Venezia of the charges being filed against her.

18.   The officers drove Venezia to, and confined her behind bars at South Miami Police Department's holding cell, where she remained for several hours before being transported to Miami-Dade County's Turner Guilford Knight Correctional Center ("T.G.K.").

19.   At the South Miami Police Department's holding cell, Linick and J.F. Lopez took inventory of Venezia's property. The officers dropped Venezia's engagement ring on the floor and began kicking it amongst themselves while mocking Venezia. Venezia was visibly and mentally distressed by their behavior.

20.   The floor of the holding cell was cold and because the officers had dragged her out of her home shoeless, Venezia was forced to wrap her bruised feet in toilet paper to insulate her feet.

21.   On or about 06:00am in the morning the arresting officers informed M. Lopez about the arrest. M. Lopez looked at the toilet paper she was forced to wear to protect her feet, yelled at her to her shoes on (despite her being arrested without them) and told the officers that she was taking Venezia to jail.

22.   Venezia was placed in the back of a van by M. Lopez for transport to TGK without any safety restraints. M. Lopez drove the transport van in an erratic and dangerous

manner, violently swerving from side to side, causing Venezia to hit her head several times against the van's walls, which left her with significant bruises on her face.

23.  Once at TGK Venezia asked M. Lopez why she had been arrested.  M. Lopez refused to tell her, and instead told the corrections officers that Venezia was suicidal. Venezia was stripped naked, placed in a Ferguson smock, and forced to remain in the booking room, half naked and distressed, among male inmates.

24.  Venezia later learned that she was being charged with Disorderly Intoxication.  The charges were immediately nolle prossed by the State.

## COUNT I
### False Imprisonment & False Arrest
### Florida Tort Law
### Against Defendant City

25.  Venezia repeats and realleges Paragraphs 1 through 24 above, and incorporates them by reference herein.

26.  On or about December 13, 2014, Linick, J.F. Lopez, and M. Lopez while acting in the course and scope of their duties as police officers employed by City arrested Venezia.

27.  Linick, J.F. Lopez, and M. Lopez and physically deprived Venezia of her freedom and liberty, and restrained her movements at her home, in the squad car, at the police station, in the transport van and at TGK.

28.  Venezia did not consent to the aforementioned actions of Linick, J.F. Lopez, and M. Lopez, and said actions were against Venezia's will.

29.  The restraint of Venezia by Linick, J.F. Lopez, and M. Lopez was unreasonable and unwarranted, in that it was not based upon arguable probable cause, nor lawfully issued process of Court, and Linick, J.F. Lopez, and M. Lopez did not have a valid warrant for the arrest of Venezia.

30. Additionally, while falsely arresting Venezia, officers Linick, F.F. Lopez, and M. Lopez used unnecessary and excessive force that resulted in serious injury to Venezia. After dragging Venezia barefoot into the squad car, the officers kept Venezia falsely imprisoned for several hours in their vehicle and holding cell instead of affording Venezia due process of law.

31. Pursuant to Fla. Stat. § 768.28, Venezia notified Defendant City of this claim prior to filing this action and said claim was not resolved.

WHEREFORE, Venezia respectfully requests this Court grant the following relief against the Defendant City:

A. Compensatory damages;

B. Pain and suffering;

C. Actual damages;

D. Attorney's fees and costs under Florida law; and

E. Any other such alternative and additional relief that appears to be equitable and just under the circumstances.

### COUNT II
### Assault and Battery
### Florida Tort Law
### Against Defendant City

32. Venezia repeats and realleges Paragraphs 1 through 24 above, and incorporates them by reference herein.

33. In the alternative, if the Court finds that arguable probable cause existed for the arrest of Venezia, Defendant City, through its employees Linick, J.F. Lopez, and M. Lopez, unreasonably and intentionally caused bodily harm to Venezia by grabbing her, cuffing her tightly, and taking her barefoot from her home to the squad car against her

will, and later driving the transport van in a manner that inflicted bodily injury to Venezia. The above actions resulted in serious bodily injury to Venezia, and was in clear excess of any need for force.

34. The actions of City, through its employees Linick, J.F. Lopez, and M. Lopez aroused fear and an apprehension that a harmful or offensive contact would occur. The above mentioned assault and battery was accomplished without consent and against the will of Venezia.

35. Defendant City is vicariously liable for the tortious acts of its employees that were committed within the scope of, and in furtherance of their employment.

36. As a direct and proximate result of the acts of City through its employees, Venezia sustained severe physical injury, humiliation, emotional distress, pain and suffering, incurred medical and out of pocket expenses, and will continue to incur medical expenses in the future.

37. Pursuant to Fla. Stat. § 768.28, Venezia notified Defendant City of this claim prior to filing this action and said claim was not resolved.

WHEREFORE, Venezia respectfully requests this Court grant the following relief against the Defendant City:

A. Compensatory damages;

B. Pain and suffering;

C. Actual damages;

D. Attorney's fees and costs under Florida law; and

E. Any other such alternative and additional relief that appears to be equitable and just under the circumstances.

## COUNT III
### False Imprisonment and False Arrest
### 42 U.S.C. § 1983 Fourth and Fourteenth Amendment Violations
### Against Defendant Linick, Individually

38. Venezia repeats and realleges Paragraphs 1 through 24 above, and incorporates them by reference herein.

39. On or about December 13, 2014, Linick arrested Venezia while acting in the course and scope of duty as a police officer.

40. Linick physically deprived Venezia of her freedom and liberty, and restrained her in her movements at her home, in the back of the squad car, and at the police station.

41. The aforementioned actions of Linick were against the will and consent of Venezia.

42. Linick's restraint of Venezia was unlawful and unreasonable in that it was not based upon probable cause, nor lawfully issued process of the Court, and Linick did not have a valid warrant for Venezia's arrest.

43. The false arrest is a violation of Venezia's Fourth Amendment right to be free of unreasonable seizures. Additionally, it is clearly established by law that arrests made without probable cause, as in this case, violates the Fourth Amendment.  Thereafter the continued detention of Venezia constituted false imprisonment and was a deprivation of Venezia's due process of law under the Fourteenth Amendment.

WHEREFORE, Venezia respectfully requests this Court grant the following relief against the Defendant City:

A. Compensatory damages;

B. Pain and suffering;

C. Actual damages;

D.  Attorney's fees and costs under federal law; and

E.  Any other such alternative and additional relief that appears to be equitable and just under the circumstances, including punitive damages if warranted.

## COUNT IV
### False Imprisonment and False Arrest
### 42 U.S.C. § 1983 Fourth and Fourteenth Amendment Violations
### Against Defendant J.F. Lopez, Individually

44. Venezia repeats and realleges Paragraphs 1 through 24 above, and incorporates them by reference herein.

45. On or about December 13, 2014, J.F. Lopez arrested Venezia while acting in the course and scope of duty as a police officer.

46. J.F. Lopez physically deprived Venezia of her freedom and liberty, and restrained her in her movements at her home, in the back of the squad car, and at the police station.

47. The aforementioned actions of J.F. Lopez were against the will and consent of Venezia.

48. J.F. Lopez's restraint of Venezia was unlawful and unreasonable in that it was not based upon probable cause nor lawfully issued process of the Court and J.F. Lopez did not have a valid warrant for Venezia's arrest.

49. The false arrest is a violation of Venezia's Fourth Amendment right to be free of unreasonable seizures. Additionally, it is clearly established by law that arrests made without probable cause, as in this case, violates the Fourth Amendment. Thereafter the continued detention of Venezia constituted false imprisonment and was a deprivation of Venezia's due process of law under the Fourteenth Amendment.

WHEREFORE, Venezia respectfully requests this Court grant the following relief against the Defendant City:

  A. Compensatory damages;

  B. Pain and suffering;

  C. Actual damages;

  D. Attorney's fees and costs under federal law; and

  E. Any other such alternative and additional relief that appears to be equitable and just under the circumstances, including punitive damages if warranted.

**<u>COUNT V</u>**
**False Imprisonment and False Arrest**
**42 U.S.C. § 1983 Fourth and Fourteenth Amendment Violations**
**Against Defendant M. Lopez, Individually**

50. Venezia repeats and realleges Paragraphs 1 through 24 above, and incorporates them by reference herein.

51. On or about December 13, 2014, M. Lopez arrested Venezia while acting in the course and scope of duty as a police officer.

52. M. Lopez physically deprived Venezia of her freedom and liberty, and restrained her in her movements at the police station, in the transport van, and at T.G.K.

53. The aforementioned actions of M. Lopez were against the will and consent of Venezia.

54. M. Lopez's restraint of Venezia was unlawful and unreasonable in that it was not based upon probable cause nor lawfully issued process of the Court and M. Lopez did not have a valid warrant for Venezia's arrest.

55. The false arrest is a violation of Venezia's Fourth Amendment right to be free of unreasonable seizures. Additionally, it is clearly established by law that arrests made without probable cause, as in this case, violates the Fourth Amendment.  Thereafter the

continued detention of Venezia constituted false imprisonment and was a deprivation of Venezia's due process of law under the Fourteenth Amendment.

WHEREFORE, Venezia respectfully requests this Court grant the following relief against the Defendant City:

A.  Compensatory damages;

B.  Pain and suffering;

C.  Actual damages;

D.  Attorney's fees and costs under federal law; and

E.  Any other such alternative and additional relief that appears to be equitable and just under the circumstances, including punitive damages if warranted.

### COUNT VI
### Excessive Force
### 42 U.S.C. § 1983 Fourth Amendment Violation
### Against Defendant Linick, Individually

56. Venezia repeats and realleges Paragraphs 1 through 24 above, and incorporates them by reference herein.

57. In the alternative, if the Court finds Venezia's arrest to be based on arguable probable cause, this cause of action is brought by Venezia against Defendant Linick for his use of excessive force under color of law that deprived Venezia of her constitutionally protected rights under the Fourth Amendment to the United States Constitution.

58. Defendant Linick violated 42 U.S.C. § 1983 by inflicting severe injury upon Venezia that was grossly disproportionate to the force necessary to arrest Venezia in violation of her rights under the Fourth Amendment to the U.S. Constitution.

59. Defendant Linick, while acting in his capacity as a police officer for City, and under color of law, did intentionally exert excessive force by grabbing Venezia, cuffing her tightly

and taking Venezia out of her house barefoot in such a manner that Venezia suffered serious bodily injury.

WHEREFORE, Venezia respectfully requests this Court grant the following relief against the Defendant City:

A. Compensatory damages;

B. Pain and suffering;

C. Actual damages;

D. Attorney's fees under federal law; and

E. Any other such alternative and additional relief that appears to be equitable and just under the circumstances, including punitive damages if warranted.

## COUNT VII
### Excessive Force
### 42 U.S.C. § 1983 Fourth Amendment Violation
### Against Defendant J.F. Lopez, Individually

60. Venezia repeats and realleges Paragraphs 1 through 24 above, and incorporates them by reference herein.

61. In the alternative, if the Court finds Venezia's arrest to be based on arguable probable cause, this cause of action is brought by Venezia against Defendant J.F. Lopez for his use of excessive force under color of law that deprived Venezia of her constitutionally protected rights under the Fourth Amendment to the United States Constitution.

62. Defendant J.F. Lopez violated 42 U.S.C. § 1983 by inflicting severe injury upon Venezia that was grossly disproportionate to the force necessary to arrest Venezia in violation of her rights under the Fourth Amendment to the U.S. Constitution.

63. Defendant J.F. Lopez, while acting in his capacity as a police officer for City, and under color of law, did intentionally exert excessive force by grabbing Venezia, cuffing her tightly, and taking Venezia out of her house barefoot in such a manner that Venezia suffered serious bodily injury.

WHEREFORE, Venezia respectfully requests this Court grant the following relief against the Defendant City:

   A. Compensatory damages;

   B. Pain and suffering;

   C. Actual damages;

   D. Attorney's fees under federal law; and

   E. Any other such alternative and additional relief that appears to be equitable and just under the circumstances, including punitive damages if warranted.

## COUNT VIII
### Excessive Force
### 42 U.S.C. § 1983 Fourth Amendment Violation
### Against Defendant M. Lopez, Individually

64. Venezia repeats and realleges Paragraphs 1 through 24 above, and incorporates them by reference herein.

65. In the alternative, if the Court finds Venezia's arrest to be based on arguable probable cause, this cause of action is brought by Venezia against Defendant M. Lopez for her use of excessive force under color of law that deprived Venezia of her constitutionally protected rights under the Fourth Amendment to the United States Constitution.

66. Defendant M. Lopez violated 42 U.S.C. § 1983 by inflicting severe injury upon Venezia that was grossly disproportionate to the force necessary to transport Venezia in violation of her rights under the Fourth Amendment to the U.S. Constitution.

67. Defendant M. Lopez, while acting in his capacity as a police officer for City, and under color of law, did intentionally exert excessive force by leaving Venezia unsecured in the back of the transport van and driving erratically in such a manner that Venezia suffered serious bodily injury.

WHEREFORE, Venezia respectfully requests this Court grant the following relief against the Defendant City:

A. Compensatory damages;

B. Pain and suffering;

C. Actual damages;

D. Attorney's fees under 42 U.S.C. § 1988; and

E. Any other such alternative and additional relief that appears to be equitable and just under the circumstances.

## COUNT IX
### Failure to Intervene
### 42 U.S.C. § 1983
### Against Defendants Linick, J.F. Lopez & M. Lopez

68. Venezia repeats and realleges Paragraphs 1 through 24 above, and incorporates them by reference herein.

69. This cause of action is brought by Venezia against Defendants Linick, J.F. Lopez and M. Lopez for their failure to intervene to prevent each other from violating the constitutional rights of Venezia. Law enforcement officers have an affirmative duty to

intervene when the officer is aware of constitutional violations in their presence and fail to take reasonable steps to protect the victim of another officer's use of excessive force.

70. Linick and J.F. Lopez failed to prevent excessive force from being committed against Venezia when they had a reasonable opportunity to do so.

71. Linick, JF. Lopez and M. Lopez failed to prevent the false imprisonment and false arrest of Venezia when Linick and J.F. Lopez had an opportunity to do so at Venezia's home, and again when Linick, J.F. Lopez, and M. Lopez had an opportunity to do so at the City holding cell before Venezia was transported by M. Lopez to T.G.K. The Defendants' failure to intervene is a violation of the Fourth Amendment and such is actionable under 42 U.S.C. § 1983.

WHEREFORE, Venezia respectfully requests this Court grant the following relief against the Defendant City:

A. Compensatory damages;

B. Pain and suffering;

C. Actual damages;

D. Attorney's fees under federal law; and

E. Any other such alternative and additional relief that appears to be equitable and just under the circumstances, including punitive damages if warranted.

## COUNT X
### Intentional Infliction of Emotional Distress
### Florida Tort Law
### Against Linick & J.F. Lopez, Individually

72. Venezia repeats and realleges Paragraphs 1 through 24 above, and incorporates them by reference herein.

73. Linick and J.F. Lopez arrested Venezia after they were called to investigate an assault by her fiancé. After confining Venezia in the holding cell against her will, Linick and J.F. Lopez engaged in extreme and outrageous behavior by intentionally kicking around Venezia's engagement ring in front of her while mocking her, causing Venezia severe emotional distress.

WHEREFORE, Venezia respectfully requests this Court grant the following relief against the Defendant City:

   A. Compensatory damages;

   B. Pain and suffering;

   C. Actual damages;

   D. Attorney's fees under state law; and

   E. Any other such alternative and additional relief that appears to be equitable and just under the circumstances, including punitive damages if warranted.

## COUNT XI
### Intentional Infliction of Emotional Distress
### Florida Tort Law
### Against M. Lopez, Individually

74. Venezia repeats and realleges Paragraphs 1 through 24 above, and incorporates them by reference herein.

75. After transporting Venezia to T.G.K. against her will, M. Lopez engaged in extreme and outrageous behavior by choosing to tell T.G.K. personnel that Venezia was suicidal without any indication that Venezia was suicidal, causing Venezia severe emotional distress, when, as a direct result of M. Lopez's suggestion, Venezia was stripped naked, placed in a Ferguson smock and forced to remain half naked in the booking room.

WHEREFORE, Venezia respectfully requests this Court grant the following relief against the Defendant City:

A. Compensatory damages;

B. Pain and suffering;

C. Actual damages;

D. Attorney's fees under state law; and

E. Any other such alternative and additional relief that appears to be equitable and just under the circumstances, including punitive damages if warranted.

## DEMAND FOR JURY TRIAL

Venezia demands a jury trial on all issues so triable.

DATED:  April 26, 2017

Respectfully Submitted,

*/s/ Christopher Andrew Fleites*
Christopher Andrew Fleites
FLBN  118197
PLAINVIEW LAW pllc
2103 Coral Way, STE 202
Miami, FL 33145
plainviewlawpllc@gmail.com
t.305.632.4002
Attorney for Plaintiff, Danielle C. Venezia

Sharmila D. Bhagwandeen
FLBN  104708
sbhagwandeen@sharmilaw.com
Sharmila Bhagwandeen, P.A.
7685 SW 104th ST
Miami, FL 33156
t.305.771.5658
Attorney for Plaintiff, Danielle C. Venezia